UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cv-01449 SEP |
| ) | |
| KORRI ANTHONY, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM & ORDER

Before the Court is Plaintiff Banner Life Insurance Company's Motion for Order Directing Service by Publication. Doc. [16]. For the reasons set forth below, the motion is granted.

Plaintiff filed this action on November 15, 2023, seeking a declaratory judgment that Life Insurance Policy No. 4001571837 never went into effect because the named insured, Lafonda Holt, died before the first premium was paid, and the policy stated that the policy would not take effect unless the first full premium was paid during Holt's lifetime. *See* Doc. [1] ¶¶ 10, 35. Defendants are Holt's children, and were named as beneficiaries of the policy. *Id*. ¶ 11.

Plaintiff now brings the instant motion, stating that despite numerous attempts to effect service of process on Defendants Korri Anthony, Patricia Waller, and Patrick Waller, Plaintiff's process server has been unable to do so.[1] Plaintiff seeks to obtain service of process on Defendants by publishing notice in a newspaper of general circulation in the St. Louis, Missouri, area for up to six weeks.

---

[1] Plaintiff first filed a notice of lawsuit and request for waiver of service for each Defendant pursuant to Federal Rule of Civil Procedure 4 on December 5, 2023. *See* Docs. [5], [6], and [7]. On January 23, 2024, Defendant Patricia Waller emailed Plaintiff's counsel and informed him that neither she nor the other Defendants intended to make a claim as to the subject policy. Doc. [16] at 1-2. Because of this email message, Plaintiff's counsel assumed Defendants had received the Rule 4 waivers with his contact information, but Defendants still did not return signed waivers. *Id*. at 2. On February 4, 2024, Plaintiff requested the issuance of summonses because Defendants had not responded to the Rule 4 waivers, and engaged ABC Legal Services, LLC, as process server. *See* Docs. [8], ]9]. Plaintiff, on April 24, 2024, requested an extension of time to effect service, and the Court granted a 90-day extension, until July 24, 2024. ABC Legal Services again unsuccessfully attempted service numerous times, *see* Doc. [16-1], and on July 19, 2024, Plaintiff filed the instant motion.

Rule 4(e)(1) does not explicitly allow for service by publication. Rather, under the rule service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Therefore, Plaintiff may effectuate service in any manner specified by Missouri law. Under Missouri law, service by publication is not allowed in proceedings where a monetary judgment against an individual is sought but is "allowed in all cases affecting a fund, will, trust estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court." Mo. Rev. Stat. § 506.160(1); *see also Bueneman v. Zykan*, 52 S.W.3d. 49, 58 (Mo. Ct. App. 2001).

Here, Plaintiff is not seeking monetary judgment against Defendants, but rather, seeks an order stating that the insurance policy was never in effect and that no individual, including Defendants, has an interest in the proceeds thereof. Therefore, it seems that this action falls within the category of cases for which Mo. Rev. Stat. § 506.160 allows service by publication, and the Court grants the motion and orders service by publication.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Banner Life Insurance Company's Motion for Order Directing Service by Publication, Doc. [16], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must publish an appropriate notice in a newspaper of general circulation in the St. Louis, Missouri, area for six consecutive weeks, with first publication to occur no later than **Monday, September 30, 2024**. The notice must inform Defendants that they must file an answer or other pleading or otherwise appear in this matter by **Friday, October 28, 2024**.

**IT IS FINALLY ORDERED** that unless Defendants must file an answer or otherwise plead or appear in this matter by no later than **Friday, October 28, 2024**, or risk being held in default.

Dated this 29th day of August, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE